**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Amber Lucas | * | |
| 125 Vivian Lane, Apt. 14 | | |
| Baltimore, Ohio 43105 | * | Case No. 2:17-cv-373 |
| Plaintiff, | * | JUDGE |
| v. | * | MAGISTRATE JUDGE |
| Boss Excavating & Grading, Inc. | * | **JURY DEMAND ENDORSED HEREON** |
| 2800 Harrison Rd. | | |
| Columbus, Ohio 43204 | * | |
| Defendant. | * | |

## COMPLAINT

Now comes Amber Lucas ("Plaintiff" or "Ms. Lucas") and proffers this Complaint for damages against Boss Excavating & Grading, Inc. ("Defendant" or "BEGI") for its failure to pay her overtime and minimum wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, 4111.08, 4111.10 and 4111.14(G) ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others. Plaintiff Lucas, hereby states as follows:

### I.      JURISDICTION AND VENUE

1.      This action is brought pursuant to the FLSA, the Ohio Wage Act, OPPA, and 28 U.S.C. §1331.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Plaintiff Daniels in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

II.     **THE PARTIES**

4.      Plaintiff Amber Lucas, is an individual, United States citizen, and resident of the State of Ohio living in the Southern District of Ohio.

5.      At all times relevant, Plaintiff Lucas was employed by Defendant from approximately October 2016 until February 15, 2017. Plaintiff most recently worked as an hourly, non-exempt dump truck driver. As such, Plaintiff was an employee of Defendant as defined in the FLSA, the Ohio Wage Act, and the OPPA.

6.      During her employment with Defendant, Plaintiff Lucas was not paid for all of her compensable hours worked. To date, Defendant has failed to compensate Plaintiff for over 100 hours of unpaid wages, including overtime and minimum wages.

7.      Defendant Boss Excavating & Grading, Inc. is an Ohio for-profit corporation with its principal place of business in the Southern District of Ohio and the acts that give rise to this Complaint arose in the Southern District of Ohio.

8.      Defendant is actively doing business in this judicial district. At all times relevant, Defendant is and has been an "employer" as that term is defined by the FLSA, the Ohio Wage Act, and the OPPA.

9.      Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

10.      Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

### III.      FACTUAL ALLEGATIONS

11.      Defendant hired Plaintiff Daniels on or about October, 2016 until February 15, 2017 when her employment was terminated.

12.      Plaintiff most recently worked as an hourly, non-exempt dump truck driver. She was compensated approximately $20 per hour.

13.      Plaintiff was typically scheduled to work beginning at 6:30 am and ending at 4:30 pm each day.

14.      After working over 100 hours for Defendant without compensation and not being paid promptly, Plaintiff requested the unpaid compensation.

15.      However, Defendant failed to pay her for her hours worked.

16.      Some of the compensable hours that remain unpaid include unpaid overtime wages.

17.     Due to Defendant's willful failure to pay Plaintiff for all hours worked, Plaintiff has been damaged in an amount to be determined at trial.

## IV.     CAUSES OF ACTION

### COUNT I
### FLSA –Unpaid Overtime

18.     All of the preceding paragraphs are realleged as if fully rewritten herein.

19.     This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

20.     The FLSA requires that covered employees be compensated for every hour worked in a workweek.  *See* 29 U.S.C. § 206(b).

21.     The FLSA requires that non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

22.     Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA.  *See* 29 C.F.R. §§ 541.0*, et seq.*

23.     Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not "learned professional" employees, as that term is defined under the FLSA.  *See* 29 CFR § 541.301.

24.     During the past year preceding the filing of this Complaint, Defendant employed Plaintiff.

25.     Plaintiff performed substantial duties on behalf of Defendant and some of those hours worked were in excess of 40 in a workweek.

26.     Defendant failed to pay Plaintiff for all hours worked, resulting in unpaid wages, including overtime.

27.     Accordingly, Defendant failed to pay Plaintiff the overtime premium required by the FLSA.

28.     Plaintiff should have been paid the overtime premium for all hours worked in excess of forty hours per workweek.

29.     Defendant violated the FLSA with respect to Plaintiff by, *inter alia*, failing to compensate her at time-and-one-half times her regular rates for all hours worked over forty (40) hours in a workweek as a result of Defendant's unlawful pay practices.

30.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff is entitled.

31.     Defendant knowingly and willfully failed to pay Plaintiff the overtime wages she was due.

32.     The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

33.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continue to suffer damages in an amount not presently ascertainable. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as a result of Defendant's willful failure and refusal to pay overtime wages in violation of Sections 6 and 7 of the Act (29 U.S.C. §§ 206-207).

### <u>COUNT II</u>
**FLSA – Unpaid Minimum Wages**

34. All of the preceding paragraphs are realleged as if fully rewritten herein.

35. Plaintiff was not compensated for many of the hours she worked during her employment with Defendant.

36. Defendant was aware that Plaintiff was not paid for all of the work she performed.

37. In fact, Defendant deliberately withheld payment for the work she performed while in Defendant's employment.

38. Defendant knew or should have known they were required to pay Plaintiff for the work she performed while in Defendant's employment.

39. The failure to pay Plaintiff for hours worked is a violation of the FLSA.

40. The exact total amount of compensation that Defendant has failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

41. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continue to suffer damages. Plaintiff seeks unpaid wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## <u>COUNT III</u>
### Ohio Revised Code § 4111.03 – Unpaid Overtime

42. All of the preceding paragraphs are realleged as if fully rewritten herein.

43. This claim is brought under Ohio law.

44. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek.  *See* O.R.C. §§ 4111, *et seq*.; *see also* 29 U.S.C §206(b).

45. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of

section 7 and section 13 of the "Fair Labor Standards Act of 1938. *See* O.R. C. § 4111.03 (A); *see also* 29 U.S.C. § 207 (a)(1).

46. Plaintiff was a covered employee entitled to the Ohio Wage Act's protections.

47. Plaintiff was not exempt from receiving Ohio Wage Act overtime benefits because she was not an exempt "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* O.R.C. 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq*.

48. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR §541.301.

49. Defendant is a covered employer required to comply with the Ohio Wage Act's mandates.

50. Defendant violated the Ohio Wage Act with respect to Plaintiff by failing to compensate her at the rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

51. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

52. For Defendant's violations of the Ohio Wage Act, Plaintiff has suffered damages, Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

### COUNT IV
### Failure to Pay Minimum Wages in Violation of the Ohio Wage Act

53. All of the preceding paragraphs are realleged as if fully rewritten herein.

54. Plaintiff was not compensated for many of the hours she worked during her employment with Defendant.

55. Defendant was aware that Plaintiff was not paid for all of the work she performed.

56. In fact, Defendant deliberately withheld payment for the work she performed while in Defendant's employment.

57. Defendant knew or should have known they were required to pay Plaintiff for the work she performed while in Defendant's employment.

58. The failure to pay Plaintiff for hours worked is a violation of the Ohio Wage Act.

59. Defendant's policy and practice, described herein, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

60. As a result of the foregoing, Plaintiff was illegally denied the Ohio minimum wage, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, plus an additional two-times the unpaid wages, costs, reasonable attorney's fees and other compensation pursuant to O.R.C. §4111.14(J).

61. The exact total amount of compensation that Defendant has failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

## COUNT V
### R.C. § 4113.15 –Violations of the Ohio Prompt Pay Act

62. All of the preceding paragraphs are realleged as if fully rewritten herein.

63. During relevant times, Named Plaintiff was employed by Defendant.

64. During relevant times, Defendant was an entity covered by the OPPA; and Plaintiff was employed by Defendant within the meaning of the OPPA.

65. The OPPA requires that the Defendant pays Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before

the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

66. During relevant times, Plaintiff was not paid overtime wages at one and one-half times her regular rate within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

67. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

68. Plaintiff has been harmed and continues to be harmed by Defendant's acts or omissions described herein.

69. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and its actions entitle Plaintiff to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

## V.     PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff requests judgment against the Defendant for an Order:

A.      Awarding Plaintiff unpaid compensation, including overtime and minimum wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

B.      Awarding Plaintiff unpaid compensation, including overtime and minimum wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

C.      Awarding Plaintiff additional liquidated damages pursuant to the OPPA;

D.      Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

E.      Awarding Plaintiff such other and further relief as the Court deems just and proper;

F.      Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

G.      Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

H.      Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully Submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: (614) 949-1181
Fax: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: (614) 704-0546
Fax: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
